UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CATHERINE MOORE-EL, | ) | |
|---|---|---|
| Plaintiffs, | ) | No. 3:14-cv-01338 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| DARON HALL, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs, Catherine Moore-El, a practicing Muslim, filed this *pro se* action against the Defendants: Davidson County Sheriff Daron Hall, Corporal Kimetha Jones, and Lieutenant f/n/u Conrad. Plaintiff alleges that Defendants violated her First Amendment rights when they required her to remove her religious head garment (khimar) upon her arrest and booking. (Docket No. 1). Plaintiff further alleges that the Defendants targeted and threatened her due to her Muslim religion. Id. at 2-3. The Plaintiff has filed an application to proceed *in forma pauperis*. (Docket No. 2).

A review of the Plaintiff's application to proceed *in forma pauperis* shows that she lacks sufficient financial resources to pay the filing fee in this action. Therefore, the Clerk will file the complaint *in forma pauperis*. 28 U.S.C. § 1915(a). Because Plaintiff is proceeding *in forma pauperis* in this action, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

Here, the Plaintiff alleges that she is a follower of the Quran. On May 14, 2004, the Plaintiff was arrested and taken to booking where Defendant Jones told the Plaintiff that she had to remove her religious head garment, "a khimar," or "head scarf" for her photograph. (Docket

1

Entry No. 1, Complaint at 2, 2A). Plaintiff told Defendant Jones that removal of her khimar violated her religious beliefs and that she did not object to having her face photographed while wearing the khimar. According the Plaintiff, Defendant Jones told the Plaintiff that if she did not remove the khimar, the officers would refuse to process the Plaintiff, meaning that the officers would "refuse to finish [her] booking process, set [her] bond, and place [her] back in a holding cell until [she] removed [her] religious head garment/piece (khimar)." Id. at 2A. Defendant Jones allegedly told the Plaintiff that "the First Amendment right do[es] not apply in jail," while Jones and other unnamed officers yelled at the Plaintiff and threatened to hold her in booking indefinitely. Id. Plaintiff further alleges that Defendant Jones told the Plaintiff that "one way or another" the khimar would be removed, including "by force." Id. In fear for her life, Plaintiff removed her khimar "under duress." Id. Plaintiff also cites a 2010 incident when Defendant Jones required a Muslim woman to remove her khimar and veil, id. at 2B, as evidence of a policy.

Although the First Amendment protects an inmate's right to protect his or her religion, once in custody, the exercise of that right is subject to "legitimate penalogical policies." Abdullah v. Kinnison, 769 F.2d 345, 349, (6th Cir. 1985) (citing Pell v. Procunier, 417 U.S. 817, 822-23 (1974). Here, the removal of Plaintiff's khimar or head scarf was to take her picture for booking purposes. Plaintiff does not allege that after this photograph, any Defendant interfered with her wearing of the khimar. In these circumstances, the Court concludes that this brief removal of a khimar for the legitimate and limited purpose does not state a First Amendment claim. See United States v. Slabaugh, 655 F.Supp 462, 468 (D. Minn. 1987); aff'd 852 F.2d 1081 (8th Cir. 1988) (photograph necessary to apprehend fugitives).

Accordingly, this action is **DISMISSED with prejudice**. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED.**

Entered this the ___2nd___ day of ___July___, 2014.

_____
William J. Haynes, Jr.
Chief United States District Judge